## The Singer Manufacturing Company v. Underwood Armstrong.

*Evidence: Value of services.* In an action for the value of services for labor performed upon a certain article, after the plaintiff had proved the services and their value, the defendant proposed to show what the article was worth when new: and also what plaintiff had charged to furnish an article very similar to the one so repaired.

*Held.* That the questions were irrelevant and incompetent.

*Heard January 8th.    Decided January 11th.*

Error to Wayne Circuit.

This was an action of assumpsit, brought to recover the value of services, and materials furnished, in repairing a counter in defendant's store.

On the trial, the plaintiff was sworn, and testified that he was a carpenter, and repaired a counter for H. R. Joslin, agent of defendant below; that he sent two men at said Joslin's request, to do the repairs; that they worked twenty-two and one-half days upon the job; that he charged $3 per day for the same, and that the materials furnished by plaintiff amounted to $7.95.

On cross-examination said plaintiff testified that he built the cashier's desk for defendant below about the same time the repairs were done on the counter, but could not say how many days it took to do it; that the desk was modeled after the counter, and was made like it; that it had glass on the top; that he told Joslin he would charge $125 for the desk if he would give him the front work; that the cashier's desk was fifteen or sixteen feet long. That he charged $10 per foot, and furnished everything. The counter repaired was from eighteen to twenty feet long on top.

The counsel for said plaintiff, further to maintain the issue on his part, called Alfred Reeves and George Creasy, who gave evidence, tending to prove the time spent by them in and about said repairs to said counter, amounting in all

to twenty-two and a half days, as testified to by said Armstrong. After the introduction of further testimony, said plaintiff rested his case.

And thereupon the counsel for said defendants called H. R. Joslin as a witness, who, after testifying that he was agent of defendants, that the counter, on which repairs were done, came from Chicago, and was from twenty to twenty-six feet long, was asked by defendants' counsel,

"What was this counter worth when new? What did plaintiff charge to build the cashier's desk new, and furnish everything?

To each of which questions the said plaintiff objected. The court sustained the objections and excluded the evidence. To which ruling of the court the defendants, by their counsel, did then and there except.

Judgment was rendered for plaintiff below.

A writ of error was sued out, and the above rulings of the court assigned as errors.

*H. M. & W. E. Cheever*, for plaintiff in error.

*Robinson & Brooks*, for defendant in error.

COOLEY CH. J.

The questions put to the witness Joslin in this case, and which were overruled, were clearly irrelevant and incompetent, and the Circuit Judge was right in overruling them.

The other Justices concurred.

---

## Isaac Wixom et al. v. John Stephens et al.

*Judgment: Merger of demand.* A judgment which is ineffectual, by reason of a mistake in the name of one of the plaintiffs, will not preclude them from bringing a new suit to recover upon the original demand. A debt is not merged in a judgment until a valid judgment has been obtained upon it.